## MARY ROBINS *v.* THE STATE.

1. NEGLIGENT HOMICIDE — CHARGE OF THE COURT. — If, upon a trial for murder, the evidence is of such character as would warrant the jury in concluding that there was no apparent intention of killing the deceased, the court should give in charge the law applicable to negligent homicide. See *Callie Robins* v. *The State, ante,* p. 666.

2. EVIDENCE. — If the evidence is sufficient to establish a concert of action on the part of two persons in the commission of an offence, the confessions of the other party, made in the presence of the accused on trial, who said nothing, is competent evidence for the State, on the principle of acquiescence.

APPEAL from the District Court of Smith. Tried below before the Hon. J. C. ROBERTSON.

The indictment was for the murder, upon implied malice, of Hope Millennium, on September 7, 1880, it being the

same offence for which Callie Robins was indicted and convicted of manslaughter. See *ante*, p. 666. The verdict in this case was similar, and based upon substantially the same evidence.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Appellant was indicted for the murder of Hope Millennium, it being the same murder for which Callie Robins, her sister, was also indicted and convicted. On separate trials, they were each convicted of manslaughter. In this case there is no such defect in the indictment as was found in the case of Callie Robins. On the contrary, the indictment, as here shown, is sufficient to charge a murder upon implied malice, or murder in the second degree. The evidence in this case is almost identical with that in the Callie Robins case, the same statement of facts, with but few alterations, being used on both appeals.

As stated in the Callie Robins case, we think that negligent homicide was a part of the law of the case as made by the facts, and the charge here is also defective in not submitting that phase of the law.

There is a bill of exceptions in this record saved to the action of the court in admitting proof of the confessions of Callie Robins, made on the second day after the fatal difficulty, this defendant, Mary Robins, being present and saying nothing. We are of opinion that the court did not err in admitting this evidence, the defendant being present, and the other evidence being amply sufficient to establish that the parties had acted together. The confessions of Callie Robins came, we think, within the exception to the general rule that, after the common enterprise is at an end, no one is permitted, by any subsequent act or declaration of his own, to affect the others; which exception is where the

confession is made in the presence of the co-defendant, and under circumstances which would make it receivable on the ground of assent or implied admission. *Allen* v. *The State*, 8 Texas Ct. App. 67 ; 1 Greenl. on Ev., sect. 233 ; *Moore* v. *The State*, 6 Texas Ct. App. 564.

Because we are of opinion that the court erred in not charging upon the law of negligent homicide in the second degree, the judgment is reversed and the cause remanded.

*Reversed and remanded.*